IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

OKLAHOMA CITY DIVISION

| | | |
|---|---|---|
| 1. DEMETRA TRIGGS, | ) | NO. CIV-14-688-C |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR |
| | ) | DECLARATORY RELIEF, |
| vs. | ) | INJUNCTIVE RELIEF, |
| | ) | AND DAMAGES |
| 1. STATE OF OKLAHOMA, | ) | |
| (OKLAHOMA STATE HEALTH | ) | 42 U.S.C. § 2000e, et seq. |
| DEPARTMENT), DOES 1 | ) | |
| THROUGH 25, | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT FOR DAMAGES

I.

FACTS COMMON TO ALL CAUSES OF ACTIONS

Plaintiff alleges:

1. Plaintiff, DEMETRA TRIGGS, is of African American (Black) ancestry residing in Norman, Oklahoma.

2. Defendant, STATE OF OKLAHOMA, has at all times relevant hereto, maintained as one of its constituent agencies the OKLAHOMA STATE HEALTH DEPARTMENT, which at all times relevant hereto, maintained and operated

principal offices at Moore, Oklahoma and Oklahoma City. Oklahoma.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend the complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore alleges that each of the fictitiously named Defendants is lawfully responsible in some manner for the occurrences herein alleged, and that Plaintiff's losses as herein alleged were proximately caused by such individual actions.

4. Plaintiff is informed and believes, and thereby alleges that each of the Defendants herein was at all times relevant hereto the agent, employee, or representative of the remaining Defendants and was acting within the scope and course of such relationship.

5. Plaintiff attended Delgado Community College, New Orleans, Louisiana, from September, 1986 to August, 1989, majoring in business and court reporting. She attended Nunez Community College, Chalmette, Louisiana from August, 2004 to May, 2005, majoring in psychology, medical billing. She began attending Southern University of New Orleans, Louisiana in August, 2005, majoring in psychology.

6. After moving to Oklahoma, Plaintiff attended Oklahoma State

University, Oklahoma City, Oklahoma from January, 2006 to May, 2006, majoring in technology. In December, 2008, Plaintiff received an Associate Degree, in Psychology from Oklahoma City Community College, Oklahoma City, Oklahoma. In May, 2011, Plaintiff received a Bachelors Degree in Psychology and Behavior Science Counseling from Mid America Christian University, Oklahoma City, Oklahoma.

7. Since August, 2011, Plaintiff has been attending Mid America Christian University, Oklahoma City, Oklahoma pursuing a Masters Degree (LPC).

8. Plaintiff has more than 20 years of professional experience in the Administrative/Clerical field.

9. That experience includes document research, internet, customer service and database activity, preparation of manuscripts and journals for publication, addressing large groups, reviewing and analyzing information, preparation of reports and research, exercising judgment in interpreting and applying rules or policies, receiving incoming telephone calls, providing information, routing calls to the proper party, processing large amounts of purchase orders, managing incoming and outgoing mail, medical billing, accounting and scanning, and counseling co-workers.

10. Plaintiff was employed by the Oklahoma State Health Department in

December, 2006 at its Moore, Oklahoma office as an Administrative Tech III.

11. Plaintiff has at all times during her employment by Defendant, performed all of her assigned and related duties in an excellent manner.

12. Plaintiff has always complied with all of Defendant's rules and regulations and has always performed all of her assigned and related duties in an exemplary fashion.

13. Notwithstanding, Plaintiff for the past several years, has been subjected to a continuing pattern of egregious, unlawful, discriminatory employment practices against her on account of her race and color, in retaliation against her because of her continuous complaints of such continuing unlawful discriminatory employment practices, an in harassment of her on account of her race and color, which culminated in Plaintiff being transferred in October, 2012 to Defendant's Benefits Division, Human Resources in Oklahoma City, Oklahoma.

14. In May or June, 23013, Plaintiff was placed into the position of Human Resources Assistant with assurances that she would be placed into a position and classification commensurate with her education and experience background.

15. Plaintiff's current rate of pay in said position is $12.92 an hour.

16. Although Plaintiff has exhausted all effort to obtain the position, promotion and reclassification to which she is entitled, Defendant continues to

refuse to place Plaintiff into or promote her to the classification to which she is entitled, non-Black persons are not being subjected to such actions and conduct, and are treated more favorably than Plaintiff.

II

FIRST CAUSE OF ACTION

RACE AND COLOR DISCRIMINATION

42 U.S.C. § 2000e-2, et seq.

As a first, separate and distinct cause of action, Plaintiff complains of said Defendant, and for a separate cause of action, alleges:

17. The allegations of paragraphs 1 through 16 above, are re-alleged and incorporated herein by reference.

18. Jurisdiction is invoked herein pursuant to the provisions of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e(5)(3) to enforce the provisions of 42 U.S.C. Section 2000e-2, which provides that:

"It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin; or

(2) to limit, segregate, or classify his employees or applicants

for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin."

Venue is proper in the Western District of Oklahoma.

19. Plaintiff is a person of African American (Black) ancestry and is therefore a person protected by said provisions of said Act.

20. Defendant has subjected Plaintiff to the actions and conduct, among others, as alleged herein on account of her race and color in violation of 42 U.S.C. § 2000e-2.

21. As a direct result of said actions and conduct of said Defendant, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial herein.

22. In doing the acts and in engaging in the conduct herein alleged, said Defendant intended to and did vex, harass, annoy and cause Plaintiff to suffer and continue to suffer severe emotional distress, and has compelled her to seek psychotherapy and incur expenses therefor.

23. On April 8, 2014, Plaintiff duly filed an administrative charge of discrimination herein with the United States Equal Employment Opportunity Commission (EEOC), which thereafter duly issued a Notice of Right to Sue

thereon authorizing Plaintiff to initiate a civil action in the United States District Court relative thereto within ninety days of said date, true and correct copies of which are attached hereto as Exhibit 1. Plaintiff has exhausted all of her administrative remedies herein, and this action has been timely filed.

III

SECOND CAUSE OF ACTION

RETALIATION

42 U.S.C. § 2000e-3

As a second, separate and distinct cause of action, Plaintiff complains of said Defendant, and for a separate cause of action, alleges:

24. The allegations of paragraphs 1 through 23 above, are re-alleged and incorporated herein by reference.

25. Jurisdiction is invoked herein pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e(5)(3) to enforce the provisions of 42 U.S.C. Section 2000e-3, which provides that:

> "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . including on the job training programs, to discriminate against any individual, . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing

under this subchapter."

26. Plaintiff was an employee who opposed practices prohibited by the provisions of said Act and is therefore a person protected by its provisions.

27. Plaintiff continued to protest and complain of said unlawful discriminatory employment practices against her throughout the entire tenure of her employment, and said Defendants continued to engage in the retaliatory actions and conduct against Plaintiff, culminating in the termination of Plaintiff's employment as alleged herein in violation of said provisions.

28. As a direct result of said actions and conduct of said Defendant, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial herein.

29. On April 8, 2014, Plaintiff duly filed an administrative charge of discrimination herein with the United States Equal Employment Opportunity Commission (EEOC), which thereafter duly issued a Notice of Right to Sue thereon authorizing Plaintiff to initiate a civil action in the United States District Court relative thereto within ninety days of said date, true and correct copies of which are attached hereto as Exhibit 1. Plaintiff has exhausted all of her administrative remedies herein, and this action has been timely filed.

IV

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a) Grant Plaintiff a declaratory judgment that Defendant has violated Plaintiff's rights as guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e;

b) Permanently enjoin Defendant, its agents, successors and employees and those acting in concert with them from engaging in each of the unlawful practices and policies complained of herein;

c) Placement of Plaintiff into the classification to which she is entitled commensurate with her education and experience;

d) Placement of Plaintiff in or promotion to a position to which she is entitled without loss of rank or pay commensurate with her education and experience;

e) Award Plaintiff damages for all earnings and related employment benefits lost;

f) Award Plaintiff damages for future earnings loss;

g) Award Plaintiff damages for lost career and employment opportunities;

h) Order all negative material be removed from Plaintiff's personnel file, or any other files or records maintained in connection with Plaintiff's employment;

I)   Award Plaintiff compensatory damages for severe psychological harm in an amount to be proven at trial;

j) Award Plaintiff costs of suit;

k) Grant Plaintiff reasonable attorney's fees; and

l) Grant Plaintiff such other and further relief as the Court may deem proper and just.

Dated: June 26, 2014                                                  Respectfully submitted,

_____
CURTIS G. OLER (CA. Bar 63689)
LAW OFFICES OF CURTIS
    G. OLER
Post Office Box 15083
San Francisco, California 94115
Telephone: 415 - 346-8015
Facsimile: 415 - 346-8238

_____
CHARLES HENRY (OK Bar 16845)
HENRY LAW FIRM
3404 N.W. 135th, Suite E
Oklahoma City, Oklahoma 73120
Telephone: 405 - 521-1210
Facsimile: 405 - 602-5508

## VERIFICATION

I, DEMETRA TRIGGS, declare:

I am the Plaintiff in the above entitled matter. I have read the foregoing Complaint and know the contents thereof. The same is true to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on June 27, 2014, at Oklahoma City, Oklahoma.

_____
DEMETRA TRIGGS

Complaint for Damages                    11